**HENRY SALUDES, Plaintiff**

v.

**EVELYN RAMOS, M.D. and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 82-283

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 28, 1983

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiff*

PATRICIA D. STEELE, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on motion of plaintiff for leave to submit a late claim in accordance with the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401–3415, 3409(c). The defendants oppose the motion as not complying with the requirements for the submission of a late claim set forth in 33 V.I.C. § 3409 and § 3410. The plaintiff originally commenced this action after having complied with the filing and notice provisions of the Health Care Provider Malpractice

Act, 27 V.I.C. § 166 (hereafter "Medical Malpractice Act"). Apparently, unsure of the interaction of the Tort Claims Act and the Medical Malpractice Act, plaintiff then filed the present motion seeking leave to proceed under the terms of the Tort Claims Act.

The relationship between the two acts is frequently in dispute in the courts of the Virgin Islands. The basic dilemma is that each act sets forth a limited waiver of governmental immunity, each with different procedural requirements. The question presented is whether, in order to commence an action against the government in its capacity as a health care provider, a plaintiff must comply with the requirements of both the Medical Malpractice Act and the Tort Claims Act, or whether compliance with the Medical Malpractice Act alone is sufficient.

■ The present Tort Claims Act is a general waiver of governmental tort immunity enacted in 1971. The maximum amount recoverable under the act is $25,000. The Medical Malpractice Act, enacted in 1976, provides for recovery from health care providers, as defined in the act, for acts of medical malpractice. The Government of the Virgin Islands is among those entities which may properly be deemed to be a "health care provider" under the Act. Stapleton v. Government, 1982 St. T. Supp. 302 (D.V.I. July 16, 1982). As to the amount recoverable against the government as a health care provider in a malpractice action, this Court has held that the provisions of the Medical Malpractice Act apply. Kock v. Government, Civ. No. 79-138 (D.V.I. March 19, 1982) (unpublished bench decision).

■ Where two statutes address the same subject matter (here, torts alleged to have been committed by the government and/or its agents), one statute addressing the subject generally (all government torts) and the other specifically (medical malpractice, the government and its medical practitioners), the rules of statutory construction dictate that the specific legislation governs that subject matter contained therein. Busic v. United States, 446 U.S. 398 (1980); Metropolitan Detroit Area Hospital Services, Inc. v. United States, 634 F.2d 330 (6th Cir. 1980). This is especially true when the specific statute is enacted later in time than the general one, in which case the specific statute is considered the latest expression of the legislative will on the subject. Bisi v. American Automobile Insurance Co., 78 A.2d 533 (Conn. 1951). It is also a basic rule that any incompatibility between the two, as with the conflicting procedural requirements in the two statutes at bar, is to be resolved in favor of the specific statute, it being thus considered an exception to

or qualification of the general statute. Muccio v. Cronin, 343 A.2d 158 (N.J. Super. 1975). 82 Corpus Juris Secondum, Statutes, § 369.

■ Applying these principles to the present case, a person wishing to present a medical malpractice claim against the government should have to adhere to the specific notice requirements laid out in the Medical Malpractice Act only, and we so hold.

■ The Medical Malpractice Act does not, as has been argued, constitute a further waiver of governmental immunity beyond that provided in the Tort Claims Act. It merely provides for a different basis and different procedures on which immunity is waived as to a specific type of claim.

■ To the extent that Davis v. Knud Hansen Memorial Hospital, 1978 St. T. Supp. 262 (D.V.I. July 7, 1978), rev'd on other grounds, 635 F.2d 179 (3rd Cir. 1980), stands for the proposition that compliance with both statutes is required under circumstances such as those presented in the present case, it is hereby reconsidered and overruled.

In light of our holding that the provisions of the Tort Claims Act have no application to an action against the Government for medical malpractice, the motion of plaintiff is denied as moot.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of plaintiff for leave to submit a late claim under 33 V.I.C. § 3409(c) be, and is hereby, DENIED AS MOOT.