DOLORES QUINONES, as personal representative of the
estate of JUAN SIXTO QUINONES, deceased,
Plaintiff

v.

CHARLES HARWOOD MEMORIAL HOSPITAL, public
health facility of the GOVERNMENT OF THE VIRGIN
ISLANDS, Defendant

Civil No. 1983/114

District Court of the Virgin Islands

Div. of St. Croix

October 31, 1983

G. Luz A. James, Esq., Christiansted, St. Croix, V.I., *for plaintiff*

Diane Trace Warlick, Esq., Christiansted, St., Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

This is a medical malpractice wrongful death action filed against a governmental health care provider. The defendant filed a motion to dismiss the action, claiming a failure to comply with the procedural requirements of 27 V.I.C. § 166 et seq., the Medical Malpractice Act. The plaintiff responded, challenging the constitutionality of the Act. The Court finds that the Act is constitutional and that the plaintiff failed to comply with its procedural requirements. The Court is left with no discretion but to dismiss the complaint, recognizing regrettably that such a result will prevent any future hearing on the merits of the case, because the statute of limitations has expired.

## I. FACTS

Juan Sixto Quinones died at Charles Harwood Memorial Hospital on April 21, 1981. The complaint herein was filed on March 15, 1983, alleging medical malpractice against the hospital. It is

acknowledged that at the time of the commencement of the action, i.e., the filing of the complaint, the plaintiff had not complied with the provisions of 27 V.I.C. § 166i(b), which provides in pertinent part:

> No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the (Medical Malpractice Review) Committee and the Committee has received the expert opinion . . . .

Soon after the complaint was filed, a copy was sent to the assistant commissioner of health for St. Croix. The Commissioner of Health, within whose office the Medical Malpractice Review Committee is situated by reason of 27 V.I.C. § 166i(a), filed an uncontroverted affidavit that no complaint was ever received by the Committee. The only purpose of the committee, according to § 166i, is "to arrange for expert review of all malpractice claims before actions based upon such claims are commenced in court."

The claimant has no other duty under the statute than to file the proposed complaint. Health care providers involved in the complaint may be required to furnish records and reports. The expert opinion, if any, is made available to the claimant and the health care provider against whom the complaint has been lodged.

The statute of limitations is tolled for a period of ninety days after receipt of the expert opinion. That period dates, however, from the time the proposed complaint is deemed filed. Section 166i(c) provides that the proposed complaint is not deemed filed until mailed by certified or registered mail "to the Commissioner of Health." He is the person charged with administering the functions of the Committee. If an opinion is not received by the claimant within ninety days of the filing date, then the case may proceed to court.

## II. ISSUES

The plaintiff makes two general arguments: that the statute is unconstitutional on its face or as applied, and that even if the law is legal and proper, the complaint should not be dismissed.

### A. *Constitutionality of the Statute*

This is not the first time that a court has been called upon to rule on these questions. Many jurisdictions having pre-suit procedural requirements in medical malpractice cases have decided the constitutionality of such issues, most of them upholding the validity of such statutes.

■ Perhaps the situation was best stated in State ex rel. Strykowski v. Wilkie, 261 N.W.2d 434, 444 (Wisc. 1978) where the court said:

> Whatever the precise status of the right of access to the courts, it is clear that due process is satisfied if the statutory procedures provide an opportunity to be heard in court at a meaningful time and in a meaningful manner. (Citing Matthews v. Eldridge, 424 U.S. 319, 333 (1976).)

■ Likewise, the highest court in Louisiana explained the rationale for such pre-suit procedures, and why they are not in constitutional conflict with the right of access to the courts:

> The act provides, at the expense of a delay in filing the suit in court, a procedure for review of the claim. The panel determines from the evidence submitted whether there is a basis for the claim and gives its opinion accordingly.
>
> *     *     *
>
> In all cases which go to trial the judge or jury remain the final arbiter of factual questions concerning liability and quantum.

Everett v. Goldman, 359 So. 2d 1256, 1269 (La. 1978).

That is precisely what the Virgin Islands Legislature provided for in the Medical Malpractice Act. A claimant merely files the proposed complaint and an expert opinion is then sought through the Commissioner of Health and the Committee. If not delivered within ninety days, the claimant is free to sue. The statute of limitations is tolled for ninety days after consideration by the Committee has concluded.

Certainly such a procedure is within the powers of the Legislature. In Prendergast v. Nelson, 256 N.W.2d 657, 663 (Neb. 1977) this point was brought home with clarity:

> It is the primary duty of the courts to safeguard this [constitutional] declaration of rights and remedies. However, it does not, in any way, imply that the Legislature is without power to impose a special procedure before resort to the courts. Claimants are not denied access to the courts. Those who do not elect otherwise are merely required to follow a certain procedure before submitting their claims to the court.

■ We adopt the majority view of these jurisdictions and hold that the procedures required under the Medical Malpractice Act of the Virgin Islands are valid and constitutional. We should note that

359

two of the cases cited by the plaintiff finding unconstitutionality have been found unpersuasive by other courts and commentators. See the criticisms contained in Hines v. Elkhart General Hospital, 465 F.Supp. 421, 428 (N.D. Ind. 1979), affirmed, 603 F.2d 646 (7th Cir. 1979); Prendergast v. Nelson, supra; Redish, Legislative Response to the Medical Malpractice Insurance Crisis; Constitutional Implications, 55 Texas Law Review 759 (1977).

That still leaves us with the question of whether the Act is unconstitutional as applied. Plaintiff states that since the Medical Malpractice Review Committee has never met, the procedures under § 166i have never been implemented. She argues that this simply creates a meaningless procedural hurdle to meet before filing suit.

■ But this statement is not entirely correct. It should be remembered that the statute places the administration of the Committee's function in the office of the Commissioner of Health. The Court knows from a review of the medical malpractice cases before the Court, that the Commissioner of Health's office in fact regularly obtains the expert opinion in fulfillment of its function under the law. Therefore, the procedure is not meaningless, since the Committee's function is singular: to obtain an expert opinion before suit is commenced. It does not require a formal meeting of the Committee to discharge its duties under the law.

The due process argument in this regard by the plaintiff has no more validity to the Act as applied, than it does to the constitutionality of the Act itself.

B. *Dismissal of the Complaint*

The plaintiff also has a fallback argument. She states that even if the statute is constitutional, the complaint need not be dismissed. Rather, she says, we can stay proceedings until the pre-suit procedures are completed. Would that it were so simple.

■ At the present time, there is no proposed complaint before the Medical Malpractice Review Committee. The law, as stated earlier, requires that a proposed complaint be mailed by registered or certified mail, return receipt requested, to the Commissioner of Health. This was not done, and even if the court were to permit the mailing at this stage, it would not have been mailed within the two-year statute of limitations period. But there is a greater difficulty with permitting this route, and this difficulty rises to the fore in terms of the governmental waiver of its immunity from suit.

■ A waiver of tort immunity by the government is not an

unconditional matter. A person desiring to proceed under the act must strictly adhere to the procedural requirements of the act before a demand may be pressed. V.I. Telephone Corp. v. Government of the Virgin Islands, 13 V.I. 405 (D.V.I. 1977). The Medical Malpractice Act of the Virgin Islands, as it applies to governmental health care providers, involves a waiver of sovereign immunity, and thus the rule of strict adherence must be respected. Saludes v. Ramos et al., 19 V.I. 544 (D.V.I. 1983).

■ Viewed in that context, we have no discretion. Clearly the plaintiff did not comply with the statutory requirements, and we cannot fudge them for her benefit. A harsh result this may be, but nonetheless, it is the only result permitted to the court. It should be noted that we are not required to reach the issue of whether the statute can be construed less strictly as against private health care providers, and no suggestions should be drawn from this opinion what our holding would be in that regard.

### ORDER

THE PREMISES CONSIDERED, and the Court being fully advised, it is

ORDERED:

THAT defendant's motion to dismiss the complaint is GRANTED, and the complaint herein be and the same is hereby DISMISSED.