**PHYLIS ESPINOSA, Individually and as Representative of the Estate of RUDOLPH ALFONSO JOSEPH, JR., Deceased, Plaintiff**

v.

**GOVERNMENT OF THE V.I., ROY L. SCHNEIDER, Commissioner of Health and JOHN DOES, Physicians, Defendants**

Civil No. 231/1983

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

November 14, 1983

GEORGE S. ELTMAN, ESQ. (BRYANT, LENAHAN AND ELTMAN), Christiansted, St. Croix, V.I., *for plaintiff*

DIANE TRACE WARLICK, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendants*

PETERSEN, *Judge*

## MEMORANDUM OPINION

This action for wrongful death alleging negligent medical diagnosis and treatment of the plaintiff's deceased minor son was filed on

March 14, 1983. On or about May 2, 1983, the plaintiff mailed a copy of the complaint to the Commissioner of Health. The defendants have filed a Motion to Dismiss asserting that the plaintiff failed to timely file a proposed complaint with the Medical Malpractice Review Committee prior to instituting this Court action as required by 27 V.I.C. § 166i(b).

The plaintiff, in relying on the Wrongful Death Act, 5 V.I.C. § 76 and the general provisions of 5 V.I.C. §§ 35 and 36, Limitations of Actions, contends that the applicable period of limitations was tolled by (a) the plaintiff's insanity and (b) the Government's misconduct in failing to furnish the plaintiff with the medical records of the treatment of her son. For the reasons stated herein, the defendants' Motion to Dismiss is granted.

## FACTS

Rudolph Alfonso Joseph, Jr., the seven-year-old son of the plaintiff was admitted to Charles Harwood Memorial Hospital on March 15, 1981 and died of bilateral pneumonia on March 17, 1981. The plaintiff, having consulted an attorney on or about July 31, 1981, filed a complaint in this Court on August 11, 1981 [Civil 1000/81] and on August 18, 1981, forwarded a Notice of Claim to the Office of the Governor.

On August 26, 1981, the plaintiff's Motion to file a Late Claim was granted. The instant complaint was filed on March 14, 1983, and on or about May 2, 1983, a copy was mailed to the Commissioner of Health.

The plaintiff, in affidavits filed in opposition to the defendants' Motion to Dismiss, alleges that she did not receive an autopsy report until mid-May, 1981, and that her son's death rendered her "substantially incapable of entering into normal every day activities including rational decision-making" and that the period of "psychological incapacity" commenced at the time of her son's demise and continued beyond the period when she obtained the autopsy report. The plaintiff further contends that her efforts to obtain medical records from the defendants were futile.

## ISSUE

The question presented is whether the Statute of Limitations and the Tolling provisions of the Medical Malpractice Act or those of the Wrongful Death Act govern this action.

# DISCUSSION

A. *Governing Statute*

Under the Wrongful Death Act, a right of action exists

[w]hen the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty, of any person . . . . 5 V.I.C. § 76(c).

The Medical Malpractice Act defines "malpractice" as

any tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient. 27 V.I.C. § 166(f).

In addition, the Malpractice Act provides that

no action against a health care provider may be commenced in court before the claimants proposed complaint has been filed with the [Malpractice Review] Committee. 27 V.I.C. § 166i(b).

■ Read separately, each statute appears to provide a separate remedy for tortious conduct resulting in death. "Any person" implicitly includes a physician under 5 V.I.C. § 76(c) yet "no action against a health care provider" for "any tort" under 27 V.I.C. §§ 166i(b) and 166(a) would seem to expressly prohibit suit against a health care provider except under the Malpractice Act. For purposes of the Malpractice Act, the Government of the Virgin Islands has been held to be a "health care provider." Saludes v. Ramos, 19 V.I. 544 (Div. St. T. and J. 1983); Stapleton v. Government, 1982 St. T. Supp. 302 (D.V.I. July 16, 1982).

■ When two statutes relate to the same subject matter and they conflict, they are to be harmonized if possible, but if they cannot be harmonized, the more specific statute governs over the more general statute. Saludes v. Ramos, supra, at 546.

■■ The Wrongful Death Act, 5 V.I.C. § 76 was enacted into law in 1974 and the Malpractice Act was enacted into law on October 29, 1975, and became effective on November 18, 1975. Where a specific statute is enacted later in time than a general one, the specific statute is considered the latest expression of the legislative intent on the subject. Saludes v. Ramos, supra, at 546. More importantly, our District Court has advised that when the procedural requirements of a specific and a general statute collide, any incompatibility "is to be resolved in favor of the specific statute, it being thus considered an exception to or qualification of the general statute."

81

Saludes v. Ramos, supra, at 546–547; 82 C.J.S., Statutes, § 369 (1953).

■ Applying the above principles of statutory construction, this Court finds that the two statutes involved cannot be harmonized with respect to wrongful death actions based upon alleged medical negligence, and thus the more recently enacted and more specific Malpractice Act must govern this action. To hold otherwise would contravene the clearly expressed legislative purpose behind the Malpractice Act.[1] Accordingly, this Court finds that the provisions of the Medical Malpractice Act govern this action.

B. *Tolling of the Statute of Limitations*

The plaintiff argues that the statute of limitations for filing her proposed complaint with the Malpractice Review Committee was tolled by reason of her insanity under 5 V.I.C. § 36(a)(3) and, alternatively, by the defendants' nondisclosure of medical records, pursuant to 27 V.I.C. § 166d(a) and 5 V.I.C. § 35. This Court finds that the Malpractice Act contains its own specific statute of limitations and tolling provisions and thus the tolling provisions of 5 V.I.C. §§ 35 and 36 do not apply.

■ The plaintiff contends that the defendants' failure to locate and produce the hospital records of her deceased son tolled the statute of limitations for filing her proposed claim with the Malpractice Review Committee. However, the plaintiff was aware of her son's injury (death) on March 17, 1981. She received a copy of the autopsy report on May 18, 1981, and in fact filed a wrongful death claim alleging the "negligent failure of defendants to properly diagnose and treat" her son on August 6, 1981. Moreover, the plaintiff filed her malpractice claim alleging negligence as a basis for her action two days before the expiration of the statute of limitations under the Malpractice Act. It is difficult for this Court to perceive that the absence of this medical information prevented the plaintiff from knowing the basis of her claim when she in fact filed a wrongful death and a malpractice action before the statute of limitations had expired. Such a plaintiff,

> . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal com-

---

[1] A reading of the legislative debate on the Act reveals that its enactment was necessitated by the alarming concern that absent affordable medical malpractice insurance and malpractice claim guidelines the continued availability of health care in the Virgin Islands would be jeopardized. See Leg. Debate, 11th Leg. Sess. Oct. 29, 1975, pp. 22–23.

munity [as to possible negligence]. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government. United States v. Kubrick, 444 U.S. 111, 123 (1979).

The filing of a proposed complaint with the Malpractice Review Committee is an express condition precedent to commencing a malpractice action in court. 27 V.I.C. § 166i(b). The plaintiff has failed to comply with this procedural condition precedent to commencing suit under the Malpractice Act. See Saludes v. Ramos, supra, at 547; Stapleton v. Government of the Virgin Islands, supra, at 2–3.

■ In ruling on a 12(b)(6) motion to dismiss, the Court's task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim. Scheur v. Rhodes, 416 U.S. 232, 236 (1974).

■ In reviewing the complaint in the light most favorable to the plaintiff, this Court finds that the plaintiff's failure to comply with the procedural requisites of the Malpractice Act in a timely manner deprives the Court of jurisdiction over the subject matter. Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction must be GRANTED.

## ORDER

The Court being fully advised of the premises, it is hereby

ORDERED that the defendants' Motion to Dismiss is GRANTED.