**JEROME PHILIP, JR., a minor by his next Friend AGNITA PHILIP, AGNITA PHILIP and JEROME PHILIP, SR., Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 83/275

District Court of the Virgin Islands

Div. of St. Croix

May 24, 1984

EDDY RIVERA, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

DIANE TRACE WARLICK, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

This case once again requires the Court to interpret the Health Care Provider Malpractice Act of the Virgin Islands, 27 V.I.C. § 166 et seq. (1982) (Malpractice Act). We must decide: can a claimant join two distinct claims into a single action, when he has only followed the pre-filing procedure as to one of the two claims?

We find that the strict requirements of the Malpractice Act necessitate that all claims be placed before the Review Committee created by the Act before they may be asserted in a cause of action in Court.

## I. FACTS

We present the following factual situation, viewed in the light most favorable to the non-moving party, in this case, the plaintiffs.

Jerome Philip, Jr., was born on September 10, 1980, at Charles Harwood Memorial Hospital. His mother, Agnita Philip, has a history of birthing large babies, and she asserts that this fact was well known to the hospital authorities. Notwithstanding, it is claimed that at birth, young Jerome suffered severe and permanent injuries to a shoulder and arm, which limit his use of this extremity.

After the birth, treatment was undertaken with an orthopedic specialist in St. Croix for this condition, and it continued for many months.

On February 7, 1983, a verified letter was received by the Malpractice Action Review Committee created by the Malpractice Act. It described a claim against the government because of the circumstances of Jerome, Jr.'s birth. And while it mentioned further treatment by other physicians, it did not suggest that the government was guilty of any malpractice other than that involved at the time of birth. This letter was treated as a "proposed complaint" required by the statute to be filed as a condition precedent to an action in court.

On August 16, 1983, this action was filed. The initial complaint related only to the subject of the government's alleged negligence at the time of Jerome, Jr.'s birth. No allegations were made as to any negligence in the subsequent treatment by the orthopedic specialist.

The government moved for summary judgment, alleging proce-

4

dural as well as other deficiencies in the complaint. The plaintiffs were directed to file an amended complaint which corrected the deficiencies. The amended complaint was duly filed, and it quickly generated another motion for summary judgment because, among other reasons, a second claim for medical malpractice was included. This claim was against the government's orthopedic specialist who had treated Jerome, Jr., commencing shortly after his birth and continuing for many months.

Such a claim was not presented for review by the Medical Malpractice Review Committee, nor had a "proposed complaint" which included that particular claim been filed before the plaintiffs' amended complaint.

There were several other reasons for the motion for summary judgment, which we must address. The amended complaint included claims by the parents on their own behalf for various medical expenditures, and for other damages in the nature of emotional distress, anxiety, sleepless nights and the like.

The government, in its motion, stressed that the claim by the parents should be dismissed since the statute of limitations had run, and because in large measure, they are not permissible under the law of the Virgin Islands.

We address each of these aspects.

## II. DISCUSSION

### A. The Claims of the Parents

The parents, in the amended complaint, assert two claims. Essentially, they state that by reason of the malpractice at the time of birth, and later during the orthopedic treatment, they suffered damages allowable under the Act. Given the two year statute of limitations, any claims by the parents involving malpractice by the doctor who delivered their son would expire two years after birth, or on September 10, 1982.

We find that while the parents made a proper claim by reason of the letter complaint to the Committee, they did not file the actual complaint in District Court in timely fashion, since it was filed in August 1983.

█ Thus, any claims they have in that respect are barred by the two year statute of limitations. We do not see the tolling provisions of 27 V.I.C. § 166d(a) as rescuing the claim of the parents for malpractice in the actual birth of their son, and such claims will be dismissed.

5

That leaves us with the claims of the parents arising out of the continuing orthopedic treatment. We need not reach any questions of appropriateness of the claim under the law, or applicability of the statute of limitations, because this portion of the parents' claim was never presented to the Medical Malpractice Action Review Committee as required by 27 V.I.C. § 166i.

■■ The language of the statute is explicit. No claim may be filed in Court until the procedural requirements of section 166i have been met. That portion of the complaint will, therefore, be dismissed without prejudice.

### B. Claims of the Child

Defendant has accepted the letter complaint sent on January 31, 1983, as an effective filing of the proposed complaint under section 166i. In fact, a report of an expert in the field of obstetrics was filed as a response to that letter complaint.

■ But the letter complaint does not contain any reference to orthopedic treatment after birth. In that respect, then, it does not comply with the statute, in that notice of such a claim was never sent to the committee. Therefore, that part of the claim of the child must be dismissed without prejudice.

## CONCLUSION

The Court will enter judgment in conformity with this opinion. The plaintiffs will file a second amended complaint in conformity with the judgment. In such filing, plaintiffs should be well aware, especially as to the claims of the parents, of what is allowable and what is not considered part of such a claim.

For instance, claims of the parents for their trauma, pain, anxiety, stress, sleepless nights, mental anguish and distress over the plight of their child, do not at first blush seem to be allowable elements of their claim. Counsel should carefully research the law before including them to avoid further motions directed against them.

## PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on motion of the defendant for partial summary judgment. The Court having entered its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT the amended complaint, insofar as it asserts a claim of the parents directly resulting from the birth of their child, is DISMISSED, with prejudice, and further

THAT the amended complaint, insofar as it asserts any claim by any plaintiff for damages resulting from orthopedic treatment of the child, is DISMISSED, without prejudice, by reason of the failure to comply with 27 V.I.C. § 166i.