Beatrice E. PETERSEN, Appellant,

v.

Eugene GLAD.

No. 84–3788.

United States Court of Appeals, Third Circuit.

Argued Dec. 4, 1985.

Decided Dec. 30, 1985.

Susan Bruch (argued), John E. Stout, Grunert, Stout and Smock, Charlotte Amalie, St. Thomas, Virgin Islands, for appellant.

Richard H. Hunter (argued), Isherwood, Hunter and Colianni, Christiansted, St. Croix, Virgin Islands, for appellee.

Before HUNTER, GARTH, and BECKER, Circuit Judges.

OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Appellant Beatrice E. Petersen appeals an order of the District Court of the Virgin Islands dismissing her complaint against appellee Dr. Eugene Glad on the ground that Petersen's claims are barred by the Virgin Islands statute of limitations for medical malpractice actions. Because we hold that Petersen's claims are not time barred, we reverse the district court's order and remand the case for further proceedings.

Petersen's claims are based on Glad's alleged negligence in providing her with dental care. In her complaint filed in the district court, Petersen alleged that on October 9, 1978, Glad began root canal work on one of her teeth, but failed to appear at his clinic for a scheduled appointment on October 13th to perform the remainder of the procedure. Petersen further averred that after several attempts, she obtained another appointment for November 3rd, which was later rescheduled at the request of one of Glad's assistants for November 7th. On November 2nd, Petersen allegedly sought treatment from another dentist who concluded that her tooth could not be saved and extracted it on November 6th. Petersen claims that she suffered great pain, mental anguish, and embarassment as a result of Glad's alleged negligence in failing to complete the root canal procedure and provide her with prompt follow-up care.

On July 22, 1980, Petersen filed a proposed complaint with the Medical Malpractice Action Review Committee (the "Com-

mittee") pursuant to the requirements of V.I.Code Ann. tit. 27, § 166i(b) (1984).[1] The Committee received an expert opinion on October 16, 1980 and issued a copy of it to Petersen on October 22, 1980. Acting *pro se*, Petersen later filed her complaint in the district court on February 2, 1981. Glad moved to dismiss the complaint on May 8, 1984 on the grounds that it is barred by the applicable statute of limitations, V.I.Code Ann. tit. 27, § 166d(a) (1984), and that Petersen's failure to effectuate service of process for two and one-half years warrants an involuntary dismissal of the action. Because the district court dismissed the action on the statute of limitations ground, it did not address Glad's second ground for dismissal.

Section 166d(a) provides in part that "[n]o claim, whether in contract or tort may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years from the date of the alleged act, omission or neglect." The running of the limitations period contained in section 166d(a) is tolled when a party files a proposed complaint with the Committee. The tolling provision, contained in V.I.Code Ann. tit. 27, § 166i(c) (1984), provides that "[t]he filing of the proposed complaint with the Committee shall toll the applicable statute of limitations to and including a period of ninety (90) days following the issuance of the expert opinion obtained by the Committee." The district court held that this tolling statute granted Petersen ninety days from the Committee's issuance of the expert opinion on October 22, 1980 in order to file her district court complaint. According to the district court's reading of section 166i(c), Petersen's claims were therefore

barred because she filed her complaint on February 2, 1981, more than ninety days after the Committee issued the expert opinion.

In this appeal, Petersen argues that the district court misinterpreted section 166i(c); she urges that section 166i(c) provides that the filing of a proposed complaint stops the running of the two-year period in section 166d(a) and that the remaining portion of the two-year period begins to run again only after ninety days have passed following the issuance of an expert opinion. We agree that Petersen's interpretation reflects the correct reading of section 166i(c).

For the purposes of a statute of limitations, the word "toll" is defined as "suspend or stop temporarily." *Black's Law Dictionary* 1334 (5th ed. 1979). Giving the word "toll" this meaning in section 166i(c) establishes that the filing of a proposed complaint stops or suspends the statute of limitations of section 166d(a) "to and including" ninety days after the Committee issues an expert opinion. Thus, contrary to the district court's ruling, the ninety days does not provide a new limitations period that replaces the limitations period of section 166d(a). Instead, under the clear language of section 166i(c), the ninety days is a tolling period in addition to the tolling period that commences when a plaintiff files a proposed complaint. Applying this reading of section 166i(c) to the facts of this case, we hold that Petersen filed her complaint in the district court well within the limitations period.[2]

Our holding is not only supported by the plain language of section 166i(c), but is also necessary to avoid imposing a construction on sections 166d(a) and 166i(c) that would unreasonably penalize plaintiffs who file

---

**1.** Section 166i(b) provides:
    No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court: Provided further, That the commence-

ment of the court action shall not prevent the Committee from obtaining the expert opinion.

**2.** Our holding is based on the assumption that Petersen's cause of action accrued on October 9, 1978, the date on which Glad commenced the root canal procedure. Using this assumption, we calculate that the statutory period of section 166d(a) would run out in April 1981. Because Petersen filed her complaint in the district court well over a month before this time, we find it unnecessary to address Petersen's alternative

their proposed complaints with the Committee immediately after their claims arose. Under the district court's ruling, such plaintiffs would be barred from litigating their claims in district court if they filed their district court complaints after ninety days following the Committee's issuance of an expert opinion, but well before two years had elapsed since their claims arose. On the other hand, plaintiffs who waited to file their proposed complaints until just prior to the expiration of two years following the accrual of their claims would have the opportunity to litigate their claims in district court as long as they filed their district court complaints within the ninety-day period in section 166i(c). We presume that the legislature did not intend such disparate results. *See, e.g., United States v. Kirby,* 74 U.S. (7 Wall.) 482, 486–87, 19 L.Ed. 278 (1868); *Government of Virgin Islands v. Berry,* 604 F.2d 221, 225 (3d Cir.1979).

For the foregoing reasons, we will reverse the order of the district court and remand the case for further proceedings.

contention that her claims actually arose in  November 1978.