**ANGELO FREEMAN, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 89-277

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 30, 1990

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

GERALD A. SIMS, JR., ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for defendant*

BROTMAN, *Acting Chief Judge*

## MEMORANDUM

THIS MATTER comes before the Court on defendant's motion to reconsider the Court's order granting plaintiff's motion to reconsider. For the reasons that follow defendant's motion will be denied.

## FACTS AND PROCEDURE

This action arises out of a bicycle accident. On August 21, 1980 Angelo Freeman, while riding a bicycle, struck and shattered the windshield of an automobile. After the accident he was taken to the emergency room of the Knud Hansen Memorial Hospital for treatment. At the hospital he was treated by hospital staff and released.

On or about August 12, 1987 Freeman began experiencing pain and discomfort in his right arm and hand. He went to the St. Thomas Community Hospital for diagnosis and treatment. On August 14, 1987 an x-ray revealed that Freeman had a shard of glass embedded in his forearm.

The complaint was filed with the Court September 7, 1989. Prior to filing the complaint with the Court, Freeman filed a complaint with

the Medical Malpractice Review Committee ("Committee") on March 16, 1989. To date, there is no indication on record that the Committee issued an opinion.

Defendant's motion to reconsider asserts that because Freeman filed the complaint more than two (2) years after discovering the glass in his forearm the Statute of Limitations bars his claim. Defendant contends that Freeman discovered the glass on August 14, 1987 but filed the complaint September 7, 1989 three weeks past the two (2) year Statute of Limitations for a medical malpractice action. In opposition, Freeman asserts that filing the complaint with the Committee tolled the running of the Statute of Limitations and the period for filing the action in court had not expired. Freeman states that 90 days is added to the two year period once a party files a complaint with the Committee.

## DISCUSSION

Medical malpractice actions are governed by V.I. Code Ann. tit. 27, §§ 166–171 (Equity 1982). For the Court to have subject matter jurisdiction a complaint must be first filed with the Committee. V.I. Code Ann. tit. 27 § 166i(b). Failure to file a complaint with the Medical Malpractice Review Committee deprives the Court of jurisdiction. Philip v. Government of the Virgin Islands, 21 V.I. 3 (D.V.I. 1984); Espinosa v. Government of the Virgin Islands, 20 V.I. 78 (Terr. Ct. St. C. 1983).

■ Here it is evident that Freeman did file a complaint with the Committee before the Statute of Limitations expired.[1] Freeman has provided a copy of the letter sent to the Committee dated March 13, 1989, along with return receipt dated March 16, 1989, indicating that he filed a complaint with the Committee. He discovered the glass in his forearm on August 14, 1987. The two year period expired August 14, 1989. Because Freeman filed the complaint with the Committee before August 14, 1989 and the Committee did not issue an opinion

---

[1] Section 166d Statute of Limitations states in pertinent part:

(a) No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years from the date of the alleged act, omission or neglect except that for such a claim against a health care provider for malpractice arising from a foreign object being left in a patient's body the time within which the claim must be filed shall be computed from the time the plaintiff discovers the presence of the foreign object or discovers facts which would reasonably lead to the discovery of the presence of the foreign object; . . . .

within ninety (90) days after receiving the complaint, the Court has jurisdiction.[2]

■■ The next question is whether the September 7, 1989 filing of the complaint was beyond the two (2) year period for filing a medical malpractice claim. In Petersen v. Glad, 780 F.2d 359 (3d Cir. 1985) the Third Circuit Court of Appeals held that the Statute of Limitations begins to run again after ninety days following the issuance of an expert opinion on behalf of the Committee.[3] In other words, once a complaint is filed with the Committee the Statute of Limitations is tolled for at least 90 days. Id. at 359. Applying the standards set in Petersen to the case at bar, it is clear that Freeman's complaint filed September 7, 1989 was within the two (2) years and 90 days permitted. Freeman discovered the glass in his forearm August 14, 1987; therefore, he had until August 14, 1989 to file his complaint with the Committee. He filed his complaint with the Committee before August 14, 1989; therefore an additional 90 days must be added to August 14, 1989 to comply with the ruling in Petersen. Freeman had until November 14, 1989 to file his complaint with the Court. Since he filed his complaint on September 7, 1989 he has complied with V.I. Code Ann. tit. 27, § 166.

## CONCLUSION

For the reasons stated above, the Court finds that Angelo Freeman has complied with the provisions of V.I. Code Ann. tit. 27, § 166 and defendant's motion to reconsider is without merit. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the Court on motion by defendant for reconsideration of the Court's order granting plaintiff's motion to reconsider, and for the reasons stated in the Court's memorandum of this date, it is hereby

ORDERED this 30th day of August, 1990,

---

[2] To date, the Committee has not issued an opinion. V.I. Code Ann. tit. 27 § 166i(b) states in pertinent part "that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; . . ."

[3] Although the Committee has not issued an opinion, and Freeman argues that if the Committee does not issue an opinion the statute of limitations should run indefinitely, the Court declines to address that question because Freeman has complied with the holding in Petersen.

THAT the motion of defendant, for reconsideration of the Court's order granting plaintiff's motion to reconsider is DENIED.