**MANAL MISSAR, Plaintiff**

**v.**

**DR. ROBERT BUCHER, Defendant**

MISSAR v. BUCHER

Civil No. 206/02

Territorial Court of the Virgin Islands

Division of St. Croix

September 20, 2004

15

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn, Christiansted, VI, *Attorney for Plaintiff.*

MICHAEL MCLAUGHLIN, ESQ., Hymes & Zebedee, P.C., St. Thomas, VI, *Attorney for Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

### (September 20, 2004)

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment and Motion to Dismiss Complaint, Plaintiff's Opposition and Defendant's Reply thereto. Defendant argues that, pursuant to FED. R. CIV. P. 12(b)(1), this action should be dismissed because the Court lacks subject matter jurisdiction over the complaint due to Plaintiff's failure to follow the pre filing procedures for this medical malpractice claim as set forth in Title 27 V.I. CODE ANN. § 166i(b) (1997).

## ANALYSIS

### I. THE PRE-FILING REQUIREMENT FOR A MEDICAL MALPRACTICE CLAIM

Pursuant to 27 V.I.C. § 166i(b):

> No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the (Medical Malpractice Action Review) Committee and the Committee has received the expert opinion as required by this section, provided that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in Court.

The Medical Malpractice Action Review Committee is a body established within the Office of the Commissioner of Health for the purpose of arranging expert review of all malpractice claims before actions based upon such claims are commenced in Court. *See* 27 V.I. CODE ANN. § 166i(a) (1997). Its members include (1) Commissioner of Insurance, who is the Chairman, (2) the President of the Virgin Islands Bar Association or a designated attorney admitted to practice in the

16

Virgin Islands, and (3) either the President of the Virgin Islands Medical Society or a designated health care provider licensed under the territory's laws and, if a nurse is a defendant, the President of the Virgin Islands Nurses Association or a designee or if only a nurse is a defendant, then just the President of the V.I. Nurses Association or his designee. *See id.* Once a proposed complaint is filed with the Committee by mailing a copy by registered or certified mail to the Commissioner of Health, the Commissioner "shall immediately forward a copy to each health care provider named as a defendant at this last and usual place of residence or his office and said health care provider may file a proposed answer to the complaint to the committee within twenty (20) days." 27 V.I. CODE ANN. § 166i(c) (1997). The Committee then determines the type of medical expert needed to review the claim and arranges for the expert to review the medical records and legal papers submitted to the Committee. *See* 27 V.I. CODE ANN. § 166i(d)(1) (1997). The expert then submits a written opinion concerning whether or not the defendant acted or failed to act within the appropriate standards of medical care. *See id.* The Committee can to provide for the expert to examine the patient, if necessary, and can request all necessary information from health care providers, including hospitals. If the health care provider refuses to supply this information, the appropriate licensing board may discipline him or her. *See* 27 V.I.C. §§ 166i(d)(1), (2).

Plaintiff concedes that she did not comply with § 166i in that, as of the date she filed her complaint, she had neither received an expert opinion, nor waited ninety days from the date the complaint was filed with the Committee before filing their complaint with the court. However, Plaintiff argues that her failure to meet the statutory requirements does not deprive the Court of subject matter jurisdiction, because the Court should not require strict adherence to this provision. Plaintiff argues that only the pre-filing of the proposed complaint with the Medical Malpractice Action Review Committee has been specifically identified as the act that confers subject matter jurisdiction on the court and that once the proposed complaint is filed, the statute allows a plaintiff to file his action in court any time thereafter, with subject matter jurisdiction being conferred on the court after the expiration of the 90 day waiting period. Plaintiff also argues that the 90 days waiting period is a condition precedent to filing an action, subject to waiver, rather than a jurisdictional prerequisite. To support these arguments, Plaintiff cites

17

several Supreme Court and Third Circuit cases interpreting other statutes with pre-filing requirements, and holding that the plaintiffs' failure to follow the pre-filing procedures set out in those statutes is a curable defect and does not warrant the dismissal of those complaints. *See Love v. Pullman Company*, 404 U.S. 522, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972) (holding that a plaintiff's failure to wait 60 days after filing a claim with the Equal Employment Opportunity Commission before commencing a lawsuit in court does not deprive the court of jurisdiction over Title VII discrimination case); *See also Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984); *Zipes v. Trans World Airways, Inc.*, 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982); *Purdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1094 (4th Cir. 1982); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir 1982); *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 243-244 (3d Cir. 1980) (holding that, where the Clean Water Act, 33 U.S.C. § 1365(b), requires plaintiffs to file a claim with the Environmental Protection Agency and the Nuclear Regulatory Commission then wait 60 days for those agencies to act prior to filing a citizens suit against a defendant for violating the Act, and where plaintiff filed suit 2 days after mailing notice to those agencies, the lower court erroneously dismissed the suit for lack of subject matter jurisdiction).

In the cases discussed by Plaintiff, the statutes were clear in their pre-filing notice requirements, yet the courts held that failure to follow these requirements did not deprive them of subject matter jurisdiction over the claims, since these pre-filing procedures were not jurisdictional in nature and the failure to abide by these requirements could be cured once the proper notice procedures had been completed and the other parties had in no way been prejudiced. Therefore, Plaintiff's argument that the same result should follow in the matter *sub judice* has some merit.

However, there is a long line of Third Circuit and District and Territorial Court cases that have held that the pre-filing conditions set forth in 27 V.I.C. § 166i(b) must be followed in order to confer subject matter jurisdiction over a medical malpractice claim. Cases interpreting the V.I. Health Care Providers Malpractice Act have universally held that the Act is a limit on the court's subject matter jurisdiction over a malpractice claim. *See Quinones v. Charles Harwood Memorial Hospital*, 573 F. Supp. 1101, 1104, 20 V.I. 356 (1983), *Saludes v Ramos*, 744 F.2d 992 (3d Cir. 1984); *Abdallah v. Callender*, 1 F.3d 141, 144-45

18

(3d Cir. 1993); *Berry v. Curreri*, 837 F.2d 623, 626 (3d Cir. 1988); *Wiltshire v. Government of the Virgin Islands*, 893 F.2d 629, 636-37 (3d Cir. 1990); *Espinosa v. Government of the Virgin Islands*, 20 V.I. 78 (Terr. Ct. 1983); *Phillip v. Government of the Virgin Islands*, 21 V.I.C. 3 (1984); *Freeman v. Government of the Virgin Islands*, 25 V.I.C. 360, 362 (D.C. 1990); *Bailey v. St. Croix Hospital*, D.C. Civ. App. No. 1996/170 (2002). In all of these cases, the defendant was either the Government of the Virgin Islands, an entity run by the Government of the Virgin Islands, or doctors acting as governmental health care providers. In these instances, the "Medical Malpractice Act, as it applies to governmental health care providers, involves a waiver of sovereign immunity, and thus the rule of strict adherence must be respected." *Quinones, supra,* at 1103. Therefore, because principles of sovereign immunity were involved in all these cases, the plaintiffs were required adhere to the procedures set forth in § 166i before any of their malpractice claims could be filed in court. Failure to do so resulted in a dismissal of those claims on jurisdictional grounds.

## II. THE PRE-FILING REQUIREMENT OF 27 § 166i(b) APPLIES EQUALLY TO PRIVATE HEALTH CARE PROVIDERS WHO COMPLY WITH § 166a

Plaintiff argues that since the defendant in this matter is a private health care provider, and since the principles of sovereign immunity that led to the strict construction of the pre-filing requirement do not apply to this matter, the statute should not be strictly construed.

In *Berry v. Curreri, supra,* the Third Circuit in *dicta* that

> the cases construing (the statute) have treated the Committee filing requirement as jurisdictional. *Saludes v. Ramos,* 19 VI 544, 547 (D.V.I. 1983) *vacated and remanded on other grounds* 744 F.2d 992 (3d Cir. 1984), *Quinones v. Charles Harwood Memorial Hospital,* 573 F. Supp. 1101, 1103 (D.V.I. 1983). A strict reading of the language '[n]o action against a health care provider may be commenced in a court before the claimant's proposed complaint has been filed with the Committee' is, moreover, entirely consistent with the overall legislative intention animating the Malpractice Act. A principal feature of that act is that the Government of the Virgin Islands procures a group insurance policy for all Virgin Islands health care providers, the premiums of which are paid, in part, by

19

public funds. 27 V.I.C. § 166e. The act limits the amount of an attorney's contingent fee. 27 V.I.C. § 166b. The Committee review process is designed to eliminate claims lacking merit and encourage prompt settlement of meritorious claims. In this context, reading section 166i(b) as anything less than a limitation on the subject matter jurisdiction of the district court would be inconsistent with the overall statutory objectives. 837 F.2d at 626.

■ The provisions of the Health Care Provider Malpractice Act apply to "health care providers who are covered by the Government of the Virgin Islands, the Department of Health's Self-Insurance Retention Program or any other insurance policy as provided for in 27 V.I.C. § 166e." 27 V.I. CODE ANN. § 166a (1997). Section 166e section provides that, in addition to the group insurance policy covered by the Government of the Virgin Islands and the Self-Insurance Retention Program, a health care provider in the territory may be covered "by any other insurance policy providing professional liability coverage of not less than $250,000 for an injury suffered by a patient as a result of a single occurrence." See 27 V.I. CODE ANN. § 166e(e)(3) (1997). Thus, the provisions apply equally to all health care providers, public and private, so long as they are covered by either a medical malpractice liability insurance policy procured by the government or any other insurance policy that meets the standards of 166e(e)(3). The Virgin Islands Legislature clearly did not intend for The Health Care Provider Malpractice Act to apply differently to suits against governmental health care providers than it does to suits against private health care providers, which is what would happen if the Court were to interpret this section as Plaintiff suggests.

The history of § 166i suggests that the Legislature intended to shorten the length of time in which plaintiffs could present their medical malpractice claims to the Committee. In 1975, the Virgin Islands Legislature added § 166i to the Medical Malpractice Insurance Act. 1975 V.I. SESS. LAWS 194-201. To this day, the language of § 166i(b) remains unchanged. That section has always stated that, "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section ... ." If the Committee has not received the expert opinion "within 90 days from the date the complaint was filed with the committee, the

claimant may commence his action against the health care provider in court." *Id.*

Since 1975, the Legislature's only substantive amendments to § 166i were to § 166i(c). It originally stated:

> The filing of the proposed complaint with the Committee shall toll the applicable statute of limitations to and including a period of ninety (90) days following the issuance of the expert opinion obtained by the Committee. The proposed complaint shall be deemed filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the Commissioner of Health who shall immediately forward a copy to each health care provider named as a defendant.

In 1986, the Legislature amended the tolling provision in 166i(c), changing the first sentence to: "The filing of the proposed complaint with the committee shall toll the applicable statute of limitations for a period of ninety days." In 1993 the Legislature deleted the tolling provision entirely. Thus it is reasonable to infer that the Legislature's intent was that the filing of the proposed complaint with the Committee would no longer toll the 2 year statute of limitations. By this time, the courts had been universally applying the rule of strict construction and dismissing cases in which the plaintiffs did not comply with 166i(b). Therefore, it stands to reason that by removing the 90 day tolling provision, the Legislature intended for medical malpractice plaintiffs to file their claims within a two year period after the date the claim accrued, including a mandatory 90 day period during which the malpractice review committee must receive notice and have the opportunity to obtain expert review of the claim.

The provisions of the Health Care Provider Malpractice Act are equally applicable to all health care providers in the Virgin Islands as defined by 27 V.I.C. § 166 so long as they meet the requirements of § 166a. If a plaintiff does not comply with the pre-filing procedures set forth in 27 V.I.C. § 166i(b) before filing a medical malpractice suit against a health care provider who meets the requirements of 27 V.I.C. § 166a, the Court lacks subject matter jurisdiction over the case. Herein, Defendant has not provided the Court with evidence that he had complied with § 166a as of the date this action was filed, and the pleadings do not shed any light on this matter. Accordingly, until the

21

Court receives evidence of compliance with § 166a, the Court cannot dismiss Plaintiff's complaint.

## III. THE 1993 AMENDMENT REMOVING THE TOLLING PROVISION DOES NOT CREATE A CONFLICT WITHIN THE ACT

■ Plaintiff also argues that she should not have to strictly adhere to § 166i(b) because the 1993 amendment to § 166i(b) removing the statutory tolling provision creates a conflict within the act, because section 166d provides for a two year statute of limitations, but under § 166i(b) the statute of limitations is shortened to one year and nine months. However, that is a misinterpretation of § 166i(b). A plaintiff who wishes to file a medical malpractice claim can still do so within the two year period following the accrual of the claim as provided in § 166d. However, that plaintiff only has two years minus 90 days to file a proposed complaint with the Medical Malpractice Action Review Committee. Therefore, section 166i(b) does not conflict with section 166d, it simply means that a plaintiff must be diligent in following the pre-filing procedures so that he will be able to comply with the two year statute of limitations.

In *Saludes v. Ramos*, 744 F.2d 992 (3d Cir 1984), the plaintiff argued that he should not have to file notice of a medical malpractice claim against VI hospital workers with the Government of the Virgin Islands within 90 days of the accrual of the claim in accordance with 33 V.I. CODE ANN. § 3409 because that section conflicts with § 166i(b). The Third Circuit rejected this argument, stating "[t]here is no reason to believe that an alert plaintiff's counsel could not comply with both acts. The true problem in this area of litigation is not direct conflict between the two statute[s] but the large number of pitfalls the claimant must negotiate before he recovers against the Government." That reasoning applies equally to this case.

## CONCLUSION

The medical malpractice pre-filing requirements codified in 27 V.I.C. § 166i(b) have remained unchanged since that section's enactment in 1975. Every case that has interpreted that subsection has stated that it is a limitation of the subject matter jurisdiction of the courts. Plaintiff has not argued that the Legislature intended to create a different set of rules for filing an action for medical malpractice against a private health care

22

provider and governmental health care providers, which is what would result should the Court adopt Plaintiff's interpretation of the Health Care Provider Malpractice Act. As such, so long the Health Care Provider Malpractice Act applies to Defendant, as provided in 27 V.I.C. § 166a, the Court must dismiss an action for lack of subject matter jurisdiction for failure to follow the pre-filing procedures set forth in 27 V.I.C. § 166i(b). Because Defendant herein has not shown that the Health Care Provider Malpractice Act applies to him pursuant to § 166a, the Court will deny his motion at this time.