**SETH LARRABEE, Plaintiff**

**v.**

**GOVERNMENT of the VIRGIN ISLANDS,
ST. THOMAS COMMUNITY HOSPITAL,
ALFRED O. HEATH, M.D., and
ROBERT HASBANY, M.D., Defendants**

Civ. No. 57/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 9, 1999

Michael C. Dunston, Esq., St. Thomas, U.S.V.I., *for the Plaintiff*

Richard R. Knoepfel, Esq., St. Thomas, U.S.V.I., *for the Defendants*

HODGE, *Judge*

### MEMORANDUM OPINION

The question presented by defendants' motion to dismiss is whether a statutory amendment which eliminates the ninety (90) day tolling provision of the medical malpractice law may be

applied retroactively to change the status of medical malpractice causes of action which existed prior to the amendment. For the reasons stated herein, this court answers the question in the negative.

## I.

This matter is before the court on defendants' motion to dismiss plaintiff's medical malpractice action on the ground that the filing of the complaint was barred by the two (2) year statute of limitations period provided for such filing by 5 V.I.C. § 31(5) and 27 V.I.C. § 166d. Plaintiff has opposed the motion, and defendants have supplemented their motion to dismiss.

This court, by order dated October 1, 1997, dismissed this action as being untimely filed. Thereafter, on November 14, 1997, the court vacated the October 1, 1997 order in granting plaintiff's motion for relief from the October 1, 1997 order, and directed the parties to submit supplemental briefs to the court regarding the motion to dismiss. All briefs having been received, defendants' motion to dismiss is reconsidered herein.

## II.

In support of the motion to dismiss, defendants assert that the statute of limitations period for filing a medical malpractice claim with this court is two (2) years pursuant to 5 V.I.C. § 31(5) and 27 V.I.C. § 166d; that a provision of 27 V.I.C. § 166i(c), which tolled the statute of limitations for ninety days upon the filing of a proposed complaint for medical malpractice with the Medical Malpractice Action Review Committee (Committee), was removed from the provision by amendment thereto made effective on June 17, 1993; that the amendment applies retroactively such that the tolling provision does not apply to plaintiff; that plaintiff filed his complaint with the court after the two year statute of limitations period for filing such actions with the court; and that plaintiff's complaint is, thus, untimely filed.

In opposition to defendants' motion to dismiss, plaintiff asserts that the removal of the tolling provision of 27 V.I.C. § 166i(c) does not apply retroactively to existing causes of action for medical

47

malpractice; that the Legislature did not manifest a clear intent to make the removal of the tolling provision retroactive; that the removal of the provision therefore operates prospectively, not retroactively; that his complaint was timely filed since it was filed within the two year limitations period, given the ninety day tolling provision of 27 V.I.C. § 166i(c); and that defendants' motion to dismiss should be denied.

## III.

■■ Title 5 V.I.C. § 31(5) provides, in pertinent part, that an action alleging personal injury must be filed with the court within two (2) years after the cause of action has accrued. Title 27 V.I.C. § 166d provides, in pertinent part, that a medical malpractice claim must be filed with the court within two (2) years from the date of the alleged action underlying the claim. The cause of action in a medical malpractice claim accrues, and the statute of limitations begins to run, when the patient knows the existence and cause of his injury, and that the acts causing the injury constitute malpractice. *Phillip v. Taylor*, 18 V.I. 437 (D.C.V.I. 1981). The limitations period provided in title 27 V.I.C. § 166d applies to medical malpractice actions rather than the limitations period for personal injury actions provided in title 5 V.I.C. § 31(5). *Id.*

■ Title 27 V.I.C. § 166i(c), prior to an amendment thereto made effective on June 17, 1993, provided, in pertinent part, that the filing of the proposed complaint with the Medical Malpractice Action Review Committee tolled the statute of limitations for filing a medical malpractice action for ninety (90) days; the aforementioned amendment removed the tolling provision. Amendments to statutory provisions are not to be applied retroactively or construed to change the status of existing causes of action pursuant to earlier unamended provisions, absent the clear intent by the legislature to do so. *Russell, et al. v. U.S.*, 278 U.S. 181, 187-88, 49 S.Ct. 121, 123 (1929), citing *U.S. v. Magnolia Petroleum Co., et al.*, 276 U.S. 160, 162-63, 48 S.Ct. 236, 237 (1928).

In *Russell, supra*, the United States amended certain tax provisions that were applied retroactively by the Commissioner of Internal Revenue and construed such that defendants were no

longer protected by the earlier provisions barring suit for the collection of unpaid taxes after a five (5) year limitations period running from the filing date of the original tax return. The United States' suit to recover the additional taxes was dismissed by the trial court. The Court of Appeals reversed the dismissal, finding for the United States, and the U.S. Supreme Court reversed the decision of the Court of Appeals. In reversing the decision of the Court of Appeals, the Court reiterated the rule established in its earlier decision of *U.S. v. Magnolia Petroleum Co., supra,* to wit:

> "Statutes are not to be given retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative purpose so to do plainly appears."

In *U.S. v. Magnolia Petroleum Co., supra,* plaintiffs paid their taxes pursuant to tax provisions that allowed them to recover a certain amount of interest for tax refunds that were untimely paid. A subsequent amendment to the tax provisions increased the amount of interest to be recovered for late tax refunds. Since plaintiffs' failed to receive their interest until after the effective date of the amendment, they expected to receive the larger interest amount as calculated by the amended provisions. Upon receipt of the lesser amount as calculated pursuant to the earlier provisions, plaintiffs sued the United States, in the Court of Claims, to recover the additional interest allowed by the amended provisions, asserting that the amendment operated retroactively so as to apply to them. The Court of Claims decided in favor of plaintiffs, but U.S. Supreme Court reversed that decision pursuant to the aforementioned rule.

■ Thus, in applying that rational to this case, it is apparent that an amendment to a statutory provision does not operate retroactively unless the legislative intent that the amendment so operate clearly appears. A review of 27 V.I.C. § 166i(c), as amended, reveals no legislative intent to apply the amendment retroactively. Significantly, defendants have failed to offer any authority that overrules the well-settled holding in Russell, supra. Further, defendants concede on page four (4) of their motion to dismiss that plaintiff's complaint must be considered timely filed if

the amended provision of 27 V.I.C. § 166i(c) is construed to be prospective and not retroactive. Thus, the amendment to 27 V.I.C. § 166i(c) must be construed by the court as operating prospectively, not retroactively, in keeping with the rule in *Russell, supra,* and the earlier ninety day tolling provision of 27 V.I.C. § 166i(c) applies to plaintiff.

The record establishes that plaintiff was first treated for his injury by defendants on October 18, 1991, and that plaintiff filed his complaint with this court on January 14, 1994. Given the tolling provision of 27 V.I.C. § 166i(c), together with the rule in Russell, supra, and the two year statute of limitations period provided in 27 V.I.C. § 166d, it is clear that plaintiff's complaint was timely filed with this court, even if the time for filing is calculated from the first October 18, 1991 treatment of plaintiff's injury by defendants.

## IV.

For the foregoing reasons, this court holds that an amended statutory provision may not be applied retroactively to change the status of causes of action existing prior to the amendment unless the legislative purpose to do so plainly appears. Accordingly, defendants' motion to dismiss will be denied.