**MICHEAL JORDAN, Plaintiff**
v.
**ERICK ERSCHEN and WEISNER DEVELOPMENT COMPANY,
Defendant**

Civil No. 739/1997

Territorial Court for the Virgin Islands

Division of St. Croix

June 12, 2003

LEE J. ROHN, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*.

CAROL G. HURST, ESQ., St. Thomas, U.S.V.I., *Counsel for Defendants*.

ROSS, *Judge*

### MEMORANDUM OPINION

(June 12, 2003)

THIS MATTER is before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. For the following reasons the Court will deny Defendants' motion.

## Factual Background

On August 11, 1997, Defendant Weisner Development Company ("Weisner") hired Plaintiff to perform certain duties. His employment contract had a term of four months. However, on or about November 17, 1997 Weisner terminated Plaintiff. Plaintiff filed an action for wrongful discharge pursuant to 24 V.I.C. § 62. Subsequently, the Virgin Islands Legislature ("Legislature") amended § 62 to exclude persons who were not employed for longer than six calendar months from filing any cause of action under the Wrongful Discharge Act ("the 2001 amendments"). Consequently, Defendants filed a motion to dismiss asserting that when retroactively applied, the Legislature's amendment to the definition of employee under 24 V.I.C. § 62—excluding persons who had been employed for less than six calendar months—precludes Plaintiff from filing any cause of action in Court for wrongful discharge. In opposition, Plaintiff asserts that the Due Process Clause of the United States Constitution precludes retroactive application because to do so would deprive Plaintiff of rights that accrued when he filed his case in 1997.

## Standard of Review

Defendants challenge the legal sufficiency of Plaintiff's complaint for failure to state a claim upon which relief can be granted. Therefore, in considering such motions, this Court is mandated by law to accept as true all allegations set forth in the complaint and all reasonable inferences that can be drawn therefrom after viewing them in the light most favorable to the non-moving party. *See Jordan v. Fox, et al.*, 20 F.3d 1250 (3d Cir. 1994.) Moreover, in deciding motions to dismiss, the Court does not decide whether the Plaintiff will ultimately prevail on the merits. Instead, the Court decides whether "relief can be granted under any set of facts that could be proved consistently with Plaintiff's allegations." *Jordan*, 20 F.3d at 1261.

## Discussion

■ The general rule is that absent specific indication that a law is to be applied retroactively, the law should only be applied prospectively. *See V.I. Maritime Service v. Puerto Rico Maritime Shipping Authority*, 978 F. Supp. 637, 37 V.I. 193 (D.V.I. 1997). Issues of retroactivity arise when a statute applies to conduct occurring prior to its enactment. *See*

*Johnson v. Virgin Islands Port Authority*, 236 F. Supp. 2d 503 (D.V.I. 2002). To that end, where it is claimed that a law is to have retroactive operation, as is the case here, such claim "must [unambiguously] be the intention [of the Legislature], evidenced in the law and its purposes, or the Court will presume that the [Legislature] is acting for future and not for past." *V.I. Maritime Service*, 978 F. Supp. at 644 (*citing White v. United States*, 191 U.S. 545, 552, 48 L. Ed. 295, 24 S. Ct. 171, 39 Ct. Cl. 544 (1903). (*Alterations*) Moreover, "statutory provisions are not to be applied retroactively or construed to change the status of existing causes of action pursuant to earlier unamended provisions, absent the clear intent of the Legislature to do so." *Larrabee v. Government of the Virgin Islands*, 40 V.I. 46 (Terr. Ct. V.I. 1999) (quoting *Russell, et al. v. United States*, 278 U.S. 181, 187-188, 73 L. Ed. 255, 49 S. Ct. 121 (1929) (citing *U.S. v. Magnolia Petroleum Co., et al.*, 276 U.S. 160, 162-163 (1928)). (*Alteration*)

In support of their motion to dismiss, Defendants cite to *Johnson v. Virgin Islands Port Authority*, 236 F. Supp. 2d 503 (D.V.I. 2002) where the District Court held that a recently enacted statute which eliminated a potential tort recovery must be applied to a claim based on facts which predated the statutory amendment. Defendants assert that this holding, citing, *In re TMI*, 89 F.3d 1106 (3d Cir. 1996), governs the case herein because the facts are identical to the case at bar. This assertion is misplaced. The *In re TMI* Court dealt with an issue regarding a statutory amendment creating a federal cause of action for injuries resulting from nuclear incidents, and which provided for jurisdiction over and the consolidation of such actions in the federal district court where the accident occurred. *See* 42 U.S.C. § 2210(n)(2). Moreover, the amendment specifically stated that "the amendments made ... shall apply to nuclear incidents occurring *before*, during, or after the date of the enactment of this act." 42 U.S.C. § 2214 (*note*). The court determined that because the legislature unambiguously declared retroactivity, the amendment applies. *In re TMI* stands for the notion that when a legislature unequivocally states that the amendment is to be applied retroactively, courts must apply it retroactively. In *Johnson* the court dealt with the issue of whether an amendment limiting the potential recovery of a party should be given retroactive effect when the injury occurred prior to the amendment, but the complaint was filed after the amendment. The District Court ruled that it should, and in so doing cited

to the *In re TMI* opinion, concluding that the amendment did apply and limited Johnson to the statutory cap because she filed her action after the amendment was enacted and it was thus being applied prospectively. Thus, the decision in *Johnson* is distinguishable from the case herein. In *Johnson* the plaintiff had not filed her action in court until after the amendments were enacted. At the time Johnson filed her complaint, the amendment limiting recovery to $25,000.00 was the applicable law.[1] That is not the case at bar. Herein, Plaintiff filed a complaint with this Court for wrongful discharge some four years before the Legislature removed that right when it enacted the 2001 amendments. Thus, the exclusion did not apply to Plaintiff at the commencement of the suit. At the time Plaintiff filed his complaint he possessed that right to do so. The law does not preclude a party from pursuing an action, based on tortious conduct by retroactively applying an amendment that removes that right, unless it is the intent of the Legislature. *See Larrabee. In re TMI* clearly indicates that for an amendment to apply retroactively, such must be the clear intention of the Legislature. Therefore, any motion to dismiss on that basis must be denied.

In their reply to Plaintiff's opposition, Defendants filed a second notice of supplemental authority—*Henry v. The Paint Depot*, Civ. No. 413/2000, Memorandum and Order, Jan. 30, 2003, Territorial Court of the Virgin Islands-Division of St. Thomas & St. John. Therein, the Court ruled that the 2001 amendments to the *Virgin Islands Wrongful Discharge Act* must be applied to actions pending at the time of the law's effective date. Defendants assert that *Henry* addressed the identical issue presented in this action. Therefore, Defendants argue that the 2001 amendments must be applied retroactively herein. In *Henry*, the Court determined that judgment as a matter of law must be granted in favor of Defendant Paint Depot ("Depot") because the amendment when applied retroactively did not create new legal consequences for Depot, did not impose any new liability on Depot, did not impair any of Depot's rights,

---

[1] In *Johnson v. Virgin Islands Port Authority*, the Plaintiff brought a negligence action against the Authority for her husband's death from complications arising from injuries he sustained in a boating accident involving the Authority. At the time of his injury there was no statutory cap on damages if one sued the Authority. However, subsequent to Plaintiff's husband's injury and *before* Plaintiff filed her complaint in court, the Virgin Islands Legislature amended the statute and limited recovery to a statutory cap of $25,000.00.

nor did it impose any new duties on Depot regarding events that previously occurred. *Henry* is distinguishable from the case at bar.

The *Henry* court, relying on *Landgraf v. USI Film Products*, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994), granted summary judgment to the Defendant because Plaintiff failed to respond to Defendant's motion for summary judgment, and thus, by inaction, forfeited his rights to defend against the motion. In *Landgraf* the court stated "there exists a judicial presumption, with great antiquity, that a legislative enactment affecting substantive rights does not apply retroactively absent clear statement to the contrary." *Landgraf*, 511 U.S. at 286 (*citing Kaiser Aluminum and Chemical Corp. v. Bonjorno*, 494 U.S. 827, 840 (1990)). To that end, as expressed in *Ceballos de Leon v. Reno*, 58 F. Supp. 2d 463 (D.N.J. 1999), the Landgraf two prong test must be used, and therefore provides:

> (1) Whether [the Legislature] has expressly stated the statutes proper reach; and

> (2) Whether, in the absence of express specification of the temporal reach of the statute, the statute could nonetheless have retroactive effect if it did not impair the rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transaction already completed.

The *Henry* court in its analysis of the *Landgraf* test correctly applied the first prong to Depot and found no clear legislative intent stated. The court thereupon determined that as a matter of law retroactive application was proper in that such would not impair Depot's rights, would not increase Depot's liability, and would not impose new duties on Depot with respect to transactions already completed. However, the *Henry* court, in concluding that the 2001 amendments applied retroactively, did not consider whether in the absence of a clear statement to the contrary retroactive application would impair rights Henry possessed, because Henry had failed to respond to the summary judgment motion, and therefore, forfeited his defenses. Had the *Henry* court considered the factors, as applicable to both parties, there might have been a different result. Conversely, a complete application to the case herein yields a different result in that retroactive application of the 2001 amendments would impair rights Plaintiff possessed at the time he filed his lawsuit.

251

Accordingly, under *Landgraf*, the Court must deny Defendants' motion to dismiss.

Therefore, the premises considered, and the Court otherwise being fully advised, Defendants' motion to dismiss will be DENIED.