**ELIZABETH SIMMONS, Plaintiff**
**v.**
**DR. AMADOR MARTINEZ, Defendant**

Civil No. 617/1998

Territorial Court for the Virgin Islands

Division of St. Croix

August 5, 2003

279

LEE J. ROHN, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

WILFREDO A. GEIGEL, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Defendants*

ROSS, *Judge*

## MEMORANDUM OPINION

(August 5, 2003)

THIS MATTER is before the Court on Defendant's motion for judgment on the pleadings or in the alternative for summary judgment. For the following reason, the Court will grant Defendant's motion.

On April 28, 1995, Plaintiff presented herself to the Juan F. Luis Hospital ("hospital") complaining of body aches and pain and was treated in the emergency room by Defendant. Defendant determined that Plaintiff was suffering from a vaginal infection and prescribed medication. Plaintiff asserts that while Defendant was instructing her on how to apply the medication, he touched her in a sexually inappropriate manner. Moreover, Plaintiff alleges that the Defendant failed to properly diagnose her condition, failed to properly treat her condition, and failed to use proper procedures in the treatment of her condition, and as a result Defendant's actions were below the recognized standard of care.

Plaintiff contends that her claim accrued on October 15, 1997 when she received the medical expert report stating that her injury was caused by medical malpractice. To that end, Plaintiff gave notice to the Medical Malpractice Action Review Committee ("Committee") on November 1, 1997, and filed her action with the Court on July 12, 1998.

Thereafter, the Government of the Virgin Islands ("Government")[1] filed a motion for summary judgment asserting that the Court lacked subject matter jurisdiction because the Plaintiff had failed to comply with the jurisdictional pre-filing procedures and that she filed her claim out of time. The Third Circuit Court of Appeals determined that because the Government is the owner of the only public hospitals in the Territory, for purposes of the Health Care Providers Malpractice Act ("Malpractice Act") the Government is a health care provider. *See Saludes v. Ramos,* 744 F.2d 992 (3d Cir. 1984). This Court previously held that when the Government is a defendant to an action for medical malpractice the claimant must comply with jurisdictional pre-filing procedures of the Virgin Islands Tort Claims Act ("VITCA") 33 V.I.C. § 3408 *et seq. See Samuel v. Government of the Virgin Islands,* 2002 V.I. LEXIS 21 (Terr. Ct. 2002). To that end, determining an accrual date for the claim is essential in assessing whether the claimant has complied with the jurisdictional pre-filing procedures of VITCA, specifically the 90-day notice period to file a claim or a notice of intent. Accordingly, in determining whether to grant the Government's motion to dismiss herein, this Court had to determine whether the Plaintiff complied with the jurisdictional pre-filing procedures of VITCA, and to do so it had to determine an accrual date for her claim. After a full consideration of the arguments submitted by the parties, and in applying the law—that a plaintiff's claim accrues when he or she knows both the existence and cause of his or her injury, and not at a later time when he or she also knows that the acts inflicting the injury may constitute medical malpractice—this Court concluded that the alleged improper touching occurred on April 28, 1995, and Plaintiff was aware that when the Defendant was touching her in a sexually inappropriate manner, it was wrong. Further, that Plaintiff did not need a medical expert to tell her that when a doctor touches a patient in a manner inconsistent with the purpose of treatment it is wrong and not in conformity with standards set forth in the medical community. The Court, therefore, granted the

---

[1] The Government of the Virgin Islands was a Co-Defendant in the instant matter, but was dismissed by this Court's March 11, 2002 Order for Plaintiff's failure to comply with the jurisdictional pre-filing procedures of the Virgin Islands Tort Claims Act. 33 V.I.C. § 3408 *et seq.,* thereby denying the Court subject matter jurisdiction.

Government's motion to dismiss, but Defendant Martinez remained in the suit because he did not file a motion to dismiss on his behalf and there was no need to venture into an analysis of compliance with the Malpractice Act at the time. However, Defendant Martinez now files a motion for judgment on the pleadings or in the alternative for summary judgment asserting that the Plaintiff has not complied with the jurisdictional pre-filing procedures of the Malpractice Act. Therefore, an analysis of whether the Plaintiff has complied with the pre-filing procedures of the Malpractice Act is now ripe.

 It is undisputed that Defendant is a health care provider protected under the Malpractice Act. Therefore, to maintain a claim against Defendant, Plaintiff must comply with the jurisdictional pre-filing procedures of the Malpractice Act, and these procedures must be strictly adhered to before an action for medical malpractice may commence. *See Saludes; See also Walters v. Government of the Virgin Islands,* 30 V.I. 36 (Terr. Ct. 1994); *Quinones v. Charles Harwood Memorial Hospital,* 573 F. Supp. 1101, 20 V.I. 356 (D.C.V.I. 1983); *V.I. Telephone Corp. v. Government of the Virgin Islands,* 13 V.I. 405 (D.V.I. 1977). Compliance with the jurisdictional pre-filing procedures of the Malpractice Act, like VITCA, requires the determination of an accrual date for Plaintiff's claim because to be in compliance, Plaintiff must first file a verified proposed complaint with the Committee and second, wait 90 days before filing the action in court. However, the 90-day notice period does not toll the statute of limitations period. *See Larrabee v. Government of the Virgin Islands,* 40 V.I. 46 (Terr. Ct. 1997). Moreover, the statute of limitations period found in 27 V.I.C. § 166d explicitly states that no claim, whether in contract or tort, may be brought against a health care provider based on professional services or health care rendered unless filed within two years from the date of the alleged act, omission, or neglect. Section 166d further codifies two exceptions to that general rule: (1) when the injury results in a foreign object being left in the patient's body or (2) when the health care provider acts in bad faith. *See Phillips v. Taylor,* 18 V.I. 437 (Terr. Ct. 1981); *see also Daniel v. Government of the Virgin Islands,* 30 V.I. 134 (Terr. Ct. 1994).

Defendant asserts that there is no need to go through another analysis to determine an accrual date for Plaintiff's claim because the Court has already done so and is barred by the collateral estoppel doctrine. Plaintiff

282

contends that because the Court determined it lacked subject matter jurisdiction, its prior determination of Plaintiff's accrual date is pure dicta, and the collateral estoppel doctrine does not apply. Further, that the prior determination was based on the jurisdictional pre-filing procedures of VITCA, not the Malpractice Act. The prior determination regarding the accrual date of Plaintiff's claim was for the purpose of procedural compliance and was not a decision on the substantive merits of Plaintiff's case, specifically whether Plaintiff's injuries were in fact caused by medical malpractice and the Government was the proximate cause of such injury. Furthermore, the prior decision was not subsequent to the determination that the Court lacked subject matter jurisdiction as the Plaintiff asserts and supports by citing *Bokunewicz v. Purolator Products, Inc.*, 907 F.2d 1396 (3d Cir. 1990). This assertion is misplaced. In *Bokunewicz* the arbitrator determined that he did have jurisdiction to hear the dispute and then proceeded to make determinations on the substantive merits of the case. This Court made its determination prior to dismissing the action for lack of subject matter jurisdiction. The determination was necessary in considering whether Plaintiff had indeed complied with the jurisdictional pre-filing procedures of VITCA. After making its determination on the accrual date of Plaintiff's claim, the Court concluded that Plaintiff did not comply with the pre-filing procedures of VITCA and dismissed the action against the Government for lack of subject matter jurisdiction. Therefore, the Court must now determine whether the collateral estoppel doctrine precludes the Plaintiff from relitigating the accrual date issue.

For the collateral estoppel doctrine to apply four factors must be satisfied:

(1) the prior determination was necessary to the decision;

(2) the identical issue was previously litigated;

(3) the issue was actually decided in a decision that was, on the merits, final and valid; and

(4) the party prevented from relitigating the issue was adequately represented in the prior action.

A review of the record indicate that the prior decision was indeed necessary to the decision to grant the Government's motion to dismiss

for lack of subject matter jurisdiction. The accrual date issued herein is identical to the accrual date issue in the Government's motion to dismiss, which the parties fully briefed and litigated and was previously determined. This Court in its March 11, 2002 Order decided that Plaintiff's claim accrued on April 28, 1995 when she was treated, and that decision was, on the merits, final and valid. Finally, Counsel adequately represented Plaintiff when this Court made its prior determination. Therefore, plaintiff is barred from relitigating the issue of the accrual date for Plaintiff's claim.

■ The applicable law in the Virgin Islands regarding the accrual of an individual's cause of action for medical malpractice is the determination made by the U.S. Supreme Court in *U.S. v. Kubrick*, 444 U.S. 111, 62 L. Ed. 2d 259, 100 S. Ct. 352 (1979) and cited in *Samuel supra*. Plaintiff contends that prior to this Court's opinion in *Samuel* the law in the Virgin Islands was that as expressed in *Larrabee* and *Phillips supra*. In *Larrabee* the Court held that the cause of action in a medical malpractice claim accrues and the statute of limitations begins to run when the patient knows the existence and cause of his injury and that the acts causing the injury constitute medical malpractice. In *Samuel* the Court held that "a Plaintiff's claim does not accrue until he or she knows or reasonably should have known of the injury and its cause." *Samuel*, 2002 V.I. LEXIS 21 at *11, slip op. at 8. Plaintiff contends that this Court's holding in *Samuel* represents a change in Virgin Islands law or a conflict between the Courts. This Court hereby elucidates that the holding in *Samuel* is in line with the holding of the U.S. Supreme Court in *Kubrick*, which held that a claim accrues when the plaintiff knows both the existence and cause of his injury and not at a later time when he also knows that the injury may constitute medical malpractice. Accordingly, the *Larrabee* holding is contrary to the holding of the U.S. Supreme Court, and this Court is not bound by the holding of a lateral court decision. To that end, the Court must follow the holding as stated in *Kubrick*.

■ Plaintiff contends that the statute of limitations period must be statutorily tolled because Defendant "admitted that he acted affirmatively to conceal his malpractice." *See* Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment, p.7. The query in fraudulent concealment cases is whether there is evidence that the defendant took affirmative steps to conceal the

wrongful conduct and that there must be actual concealment. *See Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773 (3d Cir. 2001). Plaintiff alleges that Defendant admitted to concealing his malpractice in various ways:

(1) On one occasion he cleared the room of her family and friends and on another removed all hospital personnel;

(2) Throughout plaintiff's stay at the hospital Defendant only examined Plaintiff in the presence of a nurse once; and

(3) On two specific occasions Defendant examined Plaintiff when no nurse was there to witness his actions.

*See* Plaintiff's Opposition, p.7. It is on this basis that Plaintiff contends that Defendant knew his actions fell below the standard of care and that he acted affirmatively to hide his behavior. *See id.* The Court does not agree. Plaintiff's allegations are based on bare assertions she states constitutes concealment. There is no evidence in the record that Defendant took affirmative steps to prevent Plaintiff from recognizing that she had suffered an injury and that Defendant was the cause. In fact Plaintiff states that she immediately filed a complaint with the hospital. *See id.* at 8. Moreover, there is no showing that after Plaintiff filed her complaint that Defendant took affirmative steps to conceal his alleged misconduct. On this basis a statutory tolling of the limitations period is unwarranted.

■ Plaintiff posits another argument: the statute of limitations period should be equitably tolled because Plaintiff filed timely claims in the wrong forum. To support this assertion Plaintiff cites to *Inland Steel Systems, Inc. v. Waters*, 296 F.3d 200, 217, 219 (3d Cir. 2002) (*citing Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327 (1985)).[2] Although the *Hogosai* rule may be appropriate in certain instances, it is not herein. In *Hogosai* the court enumerated a three-prong test that must be satisfied before the limitations period can be equitably tolled:

(1) Timely notice to the defendant in filing the first claim;

---

[2] The Third Circuit Court of Appeals in *Inland Steel* adopted the *Hosogai* Rule regarding equitable tolling of the statute of limitations period when a party timely files in the is determined to be the improper forum.

(2) Lack of prejudice to the defendant in gathering evidence to defend against the second claim; and

(3) Reasonable and good faith conduct by the Plaintiff in prosecuting the first action and diligence in filing the second action.

Plaintiff asserts that her first action was done when she immediately filed a complaint with the hospital. However, the complaint that Plaintiff made to the hospital, which she deems to be the first claim, under the holding in *Hosogai*, did not even comport with the notice provision required by statute in any event. A review of the record indicates that Plaintiff was treated on April 28, 1995, and she did not give notice to the Committee until November 1, 1997. Moreover, Plaintiff did not file her action with the Court until July 12, 1998, more than three years after the claim accrued. To that end, Plaintiff has not shown reasonable conduct in prosecuting the first action she said was initiated in the wrong forum days after the incident and diligence in filing the second action as it was not filed until more than three years after the accrual of her claim.

 Regarding Plaintiff's assertion that it was necessary to obtain an expert report before she could file her action in court or else her counsel would be subject to Rule 11 sanctions, this Court has previously ruled on that issue: it is not a requirement that a plaintiff receive a medical expert opinion stating that his or her injury was a result of medical malpractice before the statute of limitations begin to run. *See Samuel* (*citing, inter alia, Roe v. Jefferson*, 875 S.W.2d 653 (Tenn. 1994)). To that end, equitably tolling the statute of limitations herein is not appropriate.

 Accordingly, because Plaintiff's claim accrued on April 28, 1995, and she did not file a verified proposed complaint with the Committee until November 1, 1997, substantially after the statute of limitations period had run, and because no circumstances exist to statutorily or equitably toll the limitations period, this Court must grant Defendant's motion.

The premises considered, and the Court otherwise being fully advised, it is hereby ORDERED that Defendant's motion is GRANTED, and this action is DISMISSED WITH PREJUDICE.