**LUCILLE I. FERENCE, Plaintiff**

**v.**

**V.I. FAMILY SPORTS & FITNESS CENTER, INC., A Virgin Islands Corporation; THE REHABILITATION CENTER AT BEESTON HILL, INC., A Virgin Islands Corporation; and JEAN SYLVESTER, Defendants**

Civil No. 657/2002

Territorial Court for the Virgin Islands

Division of St. Croix

February 23, 2004

346

EDWARD L. BARRY, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

MICHAEL J. SANFORD, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Defendant*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(February 23, 2004)

### I. INTRODUCTION

THIS MATTER is before this Court on Defendant's motion to dismiss for lack of subject matter jurisdiction by virtue of Plaintiff's failure to comply with the jurisdictional pre-filing procedures as required by Section 166i(c) of the Virgin Islands Health Care Provider Malpractice Act (Malpractice Act), 27 V.I.C. § 166, and Plaintiff's opposition thereto. The issues before this court to determine are (1) whether Defendant is a "health care provider" as defined by 27 V.I.C. § 166(c), and, if so, (2) whether Plaintiff's claim for injuries against Defendant is one for "malpractice" as defined by 27 V.I.C. § 166(f), so as to render Plaintiff's claim subject to the Malpractice Act, depriving this Court of subject matter jurisdiction. For the following reasons, the Court will grant Defendant's motion to dismiss.

### II. STATEMENT OF THE FACTS

Defendant, the Rehabilitation Center at Beeston Hill, Inc. (Center), is a rehabilitation facility licensed to provide comprehensive rehabilitation services in the district of St. Croix including massage therapy, cardiac rehabilitation, and aquatherapy. The Center is housed in the same building as a health club facility and is owned by the same owner. However, the Center is a separate entity than the health club, with

separate employees, separate hours of operation, separate entrances, and separate clients. The Center employs a licensed physician, several licensed physical therapists, nurses, and experienced rehabilitative physiologists. The Center's facilities contain doctor's offices, a massage room, and areas to provide different types of physical therapy like ultrasound, traction, electrical stimulation and paraffin baths. The Center also has an exercise room completely separate from the health club, and is used for the sole purpose of rehabilitating patients of the Center.

Patients are referred to the Center by physicians for the purpose of receiving physical therapy and rehabilitative services. Patients are evaluated by a licensed physician and licensed physical therapists employed by the Center. The physician and the physical therapists in turn design rehabilitation regimens that are mainly administered by athletic trainers and physiologists employed by the Center.

Plaintiff, Lucille J. Ference (Ference), was referred by her physician to the Center on or about January 8th, 2002, for physical therapy due to cardiovascular problems and back pain. At the Center, Ference was evaluated by Dr. Lisa McMahon (McMahon), M.D., a licensed physician employed by the Center. McMahon designed an assessment plan for Ference's rehabilitation after her first evaluation. She was then evaluated by Carolyn Barry (Barry), a licensed physical therapist (LPT) employed by the Center. Ference returned to the Center on February 12th, 2002, where she was re-evaluated by both McMahon and Barry. McMahon and Barry then designed a treatment plan for Ference that consisted of specific rehabilitative exercises that detailed the type of exercise, the duration of the exercise, and the number of treatments to be administered. One specific treatment that was part of Ference's treatment regimen was cardiovascular exercise on a treadmill. Ference's physical therapy regimen was administered by athletic trainers and physiologists under the employ of the Center eighteen times over a two-month period.

On March 8th, 2002, Ference arrived at the Center for her physical therapy treatment. She had her blood pressure taken by Jean Sylvester (Sylvester), an athletic trainer employed by the Center. Sylvester then directed Ference to proceed to the treadmill to begin her cardiovascular physical therapy, which she did. Sylvester did not accompany or assist Ference to the treadmill, nor did Sylvester set the time and speed of the treadmill for Ference. As she did many times before, Ference set the speed and duration of her exercise. However, Ference mistakenly set the

speed of the treadmill at a dangerously high level. As a result, Ference was unable to keep up with the speed of the treadmill. She fell, and consequently suffered personal injuries.

Plaintiff filed suit against Defendant in this Court claiming Defendant was negligent in failing to supervise her treatment, or, more specifically, by leaving her alone on the treadmill. Furthermore, Plaintiff contends Defendant is liable on a premises liability theory by utilizing a treadmill to administer treatment to Ference that lacked appropriate safety devices. Defendant filed a motion to dismiss advocating that Plaintiff's action is subject to the Malpractice Act because the Defendant is a "health care provider" as defined by 27 V.I.C. 166(c) and Plaintiff's claim is one for "malpractice" pursuant to 27 V.I.C. 166(f). On that account, Defendant insists that Plaintiff's failure to first file her claim with the Malpractice Action Review Committee (Malpractice Committee) before filing with the Court deprives the Court of subject matter jurisdiction and warrants dismissal of Plaintiff's action. Plaintiff opposes the motion to dismiss on several grounds:

(1) That the Defendant is not a "health care provider" as defined by the Malpractice Act, and therefore, Plaintiff's action is not covered by the Malpractice Act

(2) That the injuries suffered did not result from "malpractice" pursuant to the Malpractice Act, but rather from the ordinary negligence of non-medical individuals

(3) That, even if the negligence of the Center constitutes "malpractice," Plaintiff's premises liability claim survives Defendant's motion to dismiss because it is a separate and independent theory of liability falling outside the scope of the Malpractice Act.

Defendant filed a reply to Plaintiff's response to Defendant's motion to dismiss, re-alleging that the Malpractice Act applies to Plaintiff's action because Defendant is a "health care provider" and Ference's injuries occurred during "doctor-prescribed, licensed physical therapist directed physical therapy," and therefore Plaintiff's action is one for malpractice, rendering it subject to the Malpractice Act.

## III. ANALYSIS

### A. Motion to Dismiss Standard

Defendant has filed a motion to dismiss on the ground that this court lacks jurisdiction over the subject matter, raising the objection that the court has no authority or competence to hear and decide the case. *See Stafford v. Hess Oil Virgin Islands, Corporation, Inc.*, 1998 V.I. LEXIS 10 (Terr. V.I. 1998), *citing Morton v. Morton*, 34 V.I. 32 (Terr. Ct. 1996). In reviewing a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed issues of material fact will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Stafford*, 1998 V.I. LEXIS 10 [WL at 2], *citing Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The court may also consider other relevant evidence outside the pleadings to determine the existence of jurisdiction. *Stafford*, 1998 V.I. LEXIS 10 [WL at 2], *citing Berardi v. Swanson Memorial Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198 (3d Cir. 1990). Additionally, the Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged. *Stafford*, 1998 V.I. LEXIS 10 [WL at 2], *citing Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### B. The Virgin Islands Health Care Provider Malpractice Act, 27 V.I.C. § 166

In 27 V.I.C. § 166i, the Legislature enumerated certain jurisdictional pre-filing procedures a claimant must satisfy before the court can have subject matter jurisdiction over a claim for medical malpractice against a health care provider. To be in compliance, a claimant must first file a verified proposed complaint with the Malpractice Committee, and second wait 90 days before filing the complaint in court. *See Simmons v. Martinez*, 2003 V.I. LEXIS 13 [WL at 3]. The jurisdictional pre-filing procedures must be strictly adhered to before an action for medical malpractice may commence. *See Simmons*, 2003 V.I. LEXIS 13 [WL at 3], *citing Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984); *see also Walters v. Government of the Virgin Islands*, 30 V.I. 36 (Terr. Ct. 1994); *Quinones v. Charles Harwood Memorial Hospital*, 573 F. Supp. 1101 (D.C.V.I. 1983). Therefore, failure to first file a medical malpractice

claim with the Malpractice Committee deprives the Court of subject matter jurisdiction. Section 166i(b) of the Malpractice Act states, in relevant part:

> *No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the (Malpractice Action Review) Committee* and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; provided further, that the commencement of the court action shall not prevent the Committee from obtaining the expert opinion.

27 V.I.C. § 166i(b) (emphasis added). Plaintiff maintains she is not bound by this jurisdictional pre-filing prerequisite because Defendant is not a "health care provider" for purposes of the statute.

## C. Is Defendant a "health care provider" pursuant to 27 V.I.C. § 166(c)?

Section 166(c) of Title 27 of the Virgin Islands Code defines a "health care provider" for purposes of the Malpractice Act as:

> A person, *corporation, facility or institution who must be licensed by the territory to provide health care or professional medical services including* a physician, osteopath, hospital, dentist, registered or licensed practical nurse, optometrist, podiatrist, *physical therapist*, psychologist, paramedical personnel, emergency medical technician and naturopathic physician, pharmacist, and laboratory technician; provided that for purposes of this subchapter, "health care provider" shall not include chiropractors.

27 V.I.C. § 166(c) (emphasis added).

In determining whether or not Defendant is a "health care provider" under the Malpractice Act, it is the duty of this Court to determine the legislature's intent. *See Negonsatt v. Samuels*, 507 U.S. 99, 104 (1993). In so doing, the Court must begin with the plain meaning of the statute. *See Mansell v. Mansell*, 490 U.S. 581, 588 (1989). When the plain language of the statute can be unambiguously determined, further inquiry

is not necessary. *See Idahoan Fresh v. Advantage Produce, Inc.,* 157 F.3d 197, 202 (3d Cir. 1998).

■ The legislature's intent is manifested in the clear language of the statute such that a corporation or facility licensed by the territory to provide physical therapy is a "health care provider" for purposes of the Malpractice Act. Contrary to Plaintiff's contention, Defendant is not merely a health club cloaking itself in medical terminology. At all relevant periods, Defendant was and is a facility licensed by the territory to provide physical therapy. Patients who are in need of treatment are referred by physicians to Defendant's facility to receive that treatment. Defendant, through its physician, physical therapists, physiologists, and athletic trainers, designs treatment plans for those patients that consist of varied physical therapies. Therefore, pursuant to 27 V.I.C. § 166i(c), this Court finds that Defendant is a "health care provider" for purposes of the Malpractice Act.

Because this Court finds Defendant to be a "health care provider" under the Malpractice Act, it is now proper to determine whether Plaintiff's claim is one sounding in "malpractice," which would preclude this Court from asserting subject matter jurisdiction over the action.

### D. Is Plaintiff's action one for "malpractice", pursuant to 27 V.I.C. § 166(f) so as to render it subject to the Malpractice Act?

The Malpractice Act limits the liability of "health care providers" only for claims that sound in "malpractice" as defined by 27 V.I.C. § 166(f). 27 V.I.C. § 166(f) defines "malpractice" as:

> *Any tort* or breach of contract *based on health care or professional services rendered,* or which should have been rendered *by a health care provider* to a patient.

27 V.I.C. § 166(f) (emphasis added). The Malpractice Act further defines "health care" as:

> *Any act, or treatment* performed or furnished, or *which should have been performed or furnished, by any health care provider* for, to, or on behalf of a patient *during the patient's medical care, treatment or confinement.*

27 V.I.C. § 166(b) (emphasis added). Plaintiff argues that the Malpractice Act does not cover Plaintiff's action because it sounds in ordinary negligence and not "malpractice."

The issue of whether a claim against a "health care provider" is one for ordinary negligence or whether it amounts to "malpractice" so as to be subject to the Malpractice Act is one of first impression in the Virgin Islands. However, several state courts in other jurisdictions whose legislatures have adopted legislation limiting the liability of health care providers for malpractice actions have had this precise issue before them. In determining whether a negligence claim amounted to malpractice, those courts focused more on the alleged wrong than on the legal theory upon which the claim is brought to determine if it is a malpractice action. *See* 89 A.L.R.4th 887 (1991). Courts have considered whether the claim is "treatment related," whether the wrong can be evaluated based on common knowledge or requires expert evidence to determine whether the appropriate standard of care was breached, or whether the act at issue involved assessment of the patient's condition.[1]

Regarding negligence claims, in evaluating the majority of courts who have ruled on this issue, most courts have found that a claim constitutes malpractice if the injury involves care of the patient, supervision of the patient, treatment of the patient, or if a determination of the wrong would

---

[1] *See Methodist Hospital v. Rioux*, 438 N.E.2d 315 (1982) (patient's claim alleging that hospital had negligently failed to provide appropriate care to prevent her fall and injury was subject to the terms of the act); *Barnett v. Central General Hospital*, 430 N.Y.S.2d 656 (1980) (patient's action for injuries sustained when she fell after being permitted to go to the bathroom unassisted was subject to review by a medical malpractice panel); *Perez v. Lenox Hill Hospital*, 552 N.Y.S.2d 244 (1990) (patient's action for injuries allegedly sustained as a result of failure of hospital personnel to provide adequate supervision following administration of medicine that affected her sense of balance, constituted a claim for medical malpractice subject to the act); *Scott v. Uljanov*, 543 N.Y.S.2d 369 (1989) (patient's action for injuries sustained when he climbed out of his bed and fell constituted claim of malpractice rather than negligence, noting that medical malpractice was simply a form of negligence, and stated that conduct was malpractice when it constituted medical treatment or bore a substantial relationship to the rendition of medical treatment); *Olsen v. Richards*, 232 Neb. 298 (1989) (patient's action for injuries received when doctor injured her neck while adjusting head rest on examination chair constituted malpractice).

require specialized knowledge to determine if a standard of care had been breached.[2]

Most courts that have refused to find such claims subject to the statute have done so only if the negligence of the act could be determined by common or everyday knowledge, or where the alleged wrong did not arise from medical treatment.[3]

Courts have been more divided on the issue of tort claims involving equipment failure on the part of health care providers and whether those claims constitute malpractice. Most courts that have found such claims to constitute malpractice have done so only if the equipment malfunctioned or failed during patient care or while treatment was being administered.[4] However even those courts have refused to find the claim to constitute malpractice if the claim could be evaluated based on common knowledge.[5]

---

[2] *Id.*

[3] *See* *Winona Memorial Foundation v. Lomax*, 465 N.E.2d 731 (1984) (patient's complaint alleging that she fell as a result of hospital's negligent maintenance of the floor was not subject to the act as patient did not allege negligence in the care of the patient, nor was patient receiving care or treatment at the time of injury); *Coursen v. New York Hospital-Cornell Medical Center*, 499 N.Y.S.2d 52 (1986) (patient's action against doctor for injuries he received when he fainted and fell in hospital bathroom did not constitute malpractice action as negligent act could be readily determined based on common knowledge and treatment of patient was not in issue); *Pap v. Brunswick General Hospital*, 517 N.Y.S.2d 762 (1987) (where patient sued hospital for injuries received for alleged failure of hospital personnel to raise bed rails, court concluded that where the acts or omissions complained of required consideration of professional skill and knowledge of a medical practitioner or facility, not ordinarily possessed by laypersons, then theory of medical malpractice applied, while if the conduct could be addressed on the basis of common everyday experience, the action sounded in ordinary negligence).

[4] *See* *Pitre v. Hospital Services Dist. No. 1*, 532 So. 2d 501 (1988) (patient's action for injuries received from a defective x-ray table was for malpractice as it involved injuries received by the malfunction of a machine integral to patient's treatment); *Zobac v. Southeastern Hospital Dist.*, 382 So. 2d 829 (1980) (actions arising from medical equipment involve facts much closer to the purpose for which the medical malpractice act was passed as opposed to a claim for injuries sustained when patient slipped on water on floor left by maintenance personnel); *Walsh v. Lo Piccolo*, 485 N.Y.S.2d 946 (1985) (patient's action to recover for injuries resulting from the collapse of a bed he was sleeping in was subject to review by a medical malpractice panel).

[5] *See* *Lamb v. Candler General Hosp.*, 262 Ga. 70 (1991) (patient's claim that hospital employees supplied incorrect parts for equipment used to dissolve cataracts in

■ In evaluating the current issue, this Court finds that determinations as to whether a claim constitutes "malpractice" pursuant to the Malpractice Act must be made on a case-by-case basis. When weighing the factors to consider in determining whether a claim amounts to "malpractice," a court should consider whether the injury occurred during the patient's care, treatment, supervision, or lack thereof. Additionally, a court should take into account whether determination of the wrong can be made based on everyday experience or knowledge, or whether the claim requires professional expert testimony to assist a fact finder in making that determination.

■ This Court finds that Plaintiff's negligence claim constitutes "malpractice" for purposes of the Malpractice Act. The factual circumstances before us reveal that Plaintiff was referred by her physician to the Defendant's facility to receive physical therapy. Dr. McMahon and LPT Barry designed a rehabilitative plan for the Plaintiff that consisted, in part, of cardiovascular physical therapy that entailed exercising on a treadmill. Plaintiff continuously attended Defendant's facility and exercised on a treadmill as part of her treatment. On the day in question, Plaintiff was injured while conducting her cardiovascular physical therapy on the treadmill. The basis of Plaintiff's negligence claim is that she was injured as a proximate result of Defendant *failing to adequately supervise her treatment* (emphasis added). In other words, the Plaintiff's injury resulted from *the treatment performed or furnished, or which should have been performed or furnished from Defendant to the Plaintiff during Plaintiff's treatment* (emphasis added). Hence, Plaintiff's negligence claim fits squarely under the Malpractice Act's definition of "malpractice."

■ Moreover, determination of Plaintiff's negligence claim cannot be evaluated by a layperson with common knowledge. Specialized knowledge

plaintiff's eye, resulting in equipment malfunction, causing eye injury to plaintiff, stated issue of simple negligence not involving professional skill or judgment, and accordingly, medical malpractice statute did not govern claim); *Harts v. Caylor-Nickel Hosp., Inc.*, 553 N.E.2d 874 (1990) (patient's claim for injuries sustained as result of hospital's negligent maintenance of premises could be evaluated based on the common knowledge of an average person and expert testimony on the issue was improper); *Winona*, 456 N.E.2d at 731 (patient's premises liability claim against hospital claiming injuries sustained from negligence failure of hospital to maintain its floor on a reasonably safe condition and not alleging that the injuries resulted from malpractice nor that she was receiving care or treatment at time of fall is not within coverage of the statute).

is required to determine whether or not the Defendant deviated from the standard practice or care of a rehabilitation facility, such as whether it is proper to allow a patient to set the speed of a treadmill herself for her physical therapy, whether it is proper to allow employees not licensed to practice physical therapy to administer the actual therapy prescribed by a physician, or whether failing to assist or monitor a patient while she is undergoing treatment is improper. Consequently, because these determinations require such specialized knowledge, Plaintiff's negligence claim constitutes a "malpractice" action and is subject to the Malpractice Act.

■ Plaintiff further argues, though, that even if her negligence claim is subject to the Malpractice Act, her premises liability claim is not. However, "the Malpractice Act does not limit malpractice to professional negligence. Rather, it defines malpractice as *any* tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient. By using the phrase 'any tort or breach of contract based on health care or professional services rendered,' the legislature expressed its intent to cover *all actions* relating to the provision of medical care." *See Abdallah v. Callender, M.D.*, 1 F.3d 141 (1993) (emphasis added). A plain reading of the statute reveals that the legislature intended the Malpractice Act to cover 'any tort' based on health care or professional services rendered. Therefore, this Court is without the authority to narrow that language or disregard the legislature's intent.

■ Plaintiff, as a basis for her premises liability claim, further argues that Defendant used a treadmill that lacked safety devices *to administer Plaintiff's treatment, and Plaintiff was injured as a result.* As discussed *infra*, most courts have held that premises liability claims based on equipment failure used during treatment constitute "malpractice" claims unless determination of the claim can be made based on common knowledge.[6] Plaintiff's contention, that the instrument in question is merely an 'ordinary treadmill' and no specialized knowledge is required to determine if it is unreasonably safe for its use, fails. In Plaintiff's response to Defendant's Motion to Dismiss, she acknowledges that her expert has concluded that the treadmill was unreasonably unsafe due to

---

[6] *See Gonzalez v. Fairfax Hospital System*, 289 S.E.2d 458 (1990) (action by patient injured by a metal part in whirlpool while receiving physical therapy fell under the malpractice statute).

its lack of safety features. Plaintiff's expert is a *college of medicine-affiliated biomedical engineer who specializes in rehabilitation-related equipment.* Thus, Plaintiff herself demonstrates that the instrument in question is not merely an 'ordinary treadmill' that only requires common everyday knowledge to determine whether it is unsafe for its use.

■ Additionally, several courts in other jurisdictions have held that, even if a claim independently falls outside the scope of a malpractice statute, it may still be subject to the statute if that claim relates to or incorporates a negligence claim that is subject to the statute.[7] Therefore, even if Plaintiff's premises liability claim were found not be independently subject to the Malpractice Act, it arises from the same set of facts as Plaintiff's negligence claim, and Plaintiff's negligence claim *is* subject to the Malpractice Act. Consequently, this Court finds that Plaintiff's entire action sounds in "malpractice," and as such, is subject to the Malpractice Act.

## IV. CONCLUSION

This Court finds, under the current factual circumstances before this Court, that Defendant is a "health care provider" pursuant to 27 V.I.C. § 166(c). Further, the Court finds that Plaintiff's entire action, both the negligence claim and premises liability claim, constitute a "malpractice" action pursuant to 27 V.I.C. § 166(f). Therefore, this court finds that Plaintiff was required to file her claim with the Medical Malpractice Action Review Committee before filing with this Court pursuant to 27 V.I.C. § 166i(b). Finally, the Court finds that, because Plaintiff failed the pre-filing jurisdictional requirement as established in 27 V.I.C. § 166i(b), this Court lacks subject matter jurisdiction over Plaintiff's action.

The premises considered, and the Court otherwise being fully advised, it is hereby ORDERED that Defendant's motion is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

---

[7] *See Canon v. McKen*, 296 Md. 27 (1983) (court concluded that if, upon remand, negligence claim were found subject to the act, then the entire complaint would be, even where the strict liability and breach of warranty claims would not independently subject to the act); *See also Cashio v. Baton Rouge General Hospital*, 378 So. 2d 182 (1979); *Nichols v. Wilson*, 460 A.2d 57 (1983).